**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JEFFERY LADNER, # 02232** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 2:12cv131-KS-MTP**

**DR. LEAMON, DR. RONALD WOODALL, WEXFORD MEDICAL, and MDOC MEDICAL** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER DISMISSING MDOC MEDICAL**

BEFORE THE COURT are *pro se* Plaintiff Jeffery Ladner's pleadings. He is incarcerated with the Mississippi Department of Corrections ("MDOC") and brings this action alleging deliberate indifference to his serious medical needs. The Court has considered and liberally construed the pleadings. As set forth below, Defendant MDOC Medical is dismissed.

**BACKGROUND**

Ladner is currently housed at South Mississippi Correctional Institution. Defendants Dr. Leamon and Dr. Ronald Woodall are alleged to be doctors employed by Defendant Wexford Medical at the prison. According to the Complaint, Ladner suffers from diabetic neuropathy in his feet. Because of this condition, he was prescribed and given orthopedic shoes by Drs. Leaman and Woodall. The shoes eventually wore out, so Ladner turned them in to the infirmary and requested a new pair. Allegedly, the doctors refused to give him a new pair until about nine months later.

**DISCUSSION**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time

if the court determines that . . . the action . . . –(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Ladner to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

The Court notes that MDOC Medical is named as a Defendant. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12,

2006). Therefore, the Section 1983 claim against MDOC Medical is dismissed.

Further, to the extent MDOC Medical is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, the state law claim against MDOC Medical is dismissed as well.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant MDOC Medical should be and is hereby **DISMISSED WITH PREJUDICE** as to the Section 1983 claim and **DISMISSED WITHOUT PREJUDICE** as to the State law claim.

**SO ORDERED**, this the 28th day of September, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE